IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHY L. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3100-CV-S-DW-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Kathy L. Cook seeks judicial review of the denial of her request for disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. 42 U.S.C. § 405(g). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

I.      Standard of Review

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2005); 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. See Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000). The Court does not "reweigh the evidence or review the factual record de novo." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). Thus, when it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision. See Young v. Apfel, 221 F.3d 1065, 1066 (8th Cir. 2000).

II.      Discussion

The complete facts and arguments are presented in the parties' briefs and are repeated here only in part. Plaintiff challenges Administrative Law Judge Martin F, Spiegel's ("ALJ") November 9, 2004 decision finding Plaintiff not disabled and denying all benefits. Plaintiff asserts three errors warranting reversal of

the ALJ's decision:  1) the ALJ erred by improperly assessing her credibility; 2) ALJ erred by finding her carpal tunnel syndrome, migraine headaches, and sleep apnea "non-severe", and 3) the ALJ erred by improperly assessing her residual functional capacity ("RFC").  Plaintiff's allegations of error are addressed in turn.

A.    Credibility Analysis

The ALJ found Plaintiff's allegations not fully credible.  The burden of deciding questions of fact, such as the credibility of Plaintiff's subjective complaints of pain, rests primarily with the Commissioner and not with the courts.  Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003).  The court normally defers to the ALJ's credibility determination when the ALJ discredits the claimant's subjective complaints and gives good reason for doing so.  Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).  The ALJ must consider all the evidence presented by Plaintiff when evaluating pain or other subjective complaints.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  In doing so, the ALJ should examine factors such as the objective medical evidence, the claimant's daily activities, the duration, frequency and intensity of the pain, any precipitating and aggravating factors, the dosage, effectiveness and side effects of medication, and the claimant's functional restrictions.  Id.  The ALJ is not required to discuss each of these factors methodically so long as the factors are acknowledged and considered. Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004).  Courts have also found other factors relevant to the credibility analysis:  stopping prior work for reasons unrelated to alleged disability, Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005); receipt of unemployment compensation during period of alleged disability, Johnson v. Chater, 108 F.3d 178, 1074 (8th Cir. 1997); lack of  work history, Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001); and inconsistencies with the evidence as a whole, Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).

The ALJ correctly identified and applied the relevant legal standard—the Polaski factors.  The ALJ's discussion of the record noted Plaintiff's array of normal daily activities; statements to medical professionals inconsistent with her subjective complaints; Plaintiff's involuntary termination from her previous job for

2

non-medical reasons; receipt of unemployment compensation; and minimal work history.  The ALJ articulated the inconsistencies and other factors he relied on in his determination.  The Court finds that his credibility determination is supported by substantial evidence on the record as a whole.

B.    Non-severe impairments

The ALJ found that Plaintiff's alleged impairments of carpal tunnel syndrome, migraine headaches and sleep apnea were not severe.  An impairment imposes significant limitations when its effects on a claimant are "more than slight or minimal."  Warren v. Shalala, 29 F.3d 1287, 1291  (8th Cir. 1994).  Slight abnormalities that do not significantly limit any basic work activity are "not severe."  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).  "Basic work activities" are defined in the regulations as those abilities required to do most jobs. 20 C.F.R. § 416.921 (2002) (includes physical functions such as walking, standing, sitting, lifting, seeing, hearing, speaking, following simple instructions, use of judgment, etc.).

The ALJ concluded that Plaintiff's carpal tunnel syndrome had been surgically corrected, her migraine headaches were responsive to treatment with botulinum toxin injections and noted that her sleep apnea was responsive to use of the CPAP machine but that she infrequently made use of the machine.  These findings are supported by the documentary evidence.  Additionally, the medical opinions contained in the record imposed no specific limitations upon Plaintiff as a result of these conditions.  Furthermore, an impairment that can be controlled with treatment is not considered disabling, Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004), and a failure to follow a recommended course of treatment weighs against the credibility of a claimant's allegation of disability.  Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005). The ALJ's finding that above mentioned conditions are "not severe" was proper and supported by substantial evidence on the record as a whole.

C.    Residual Functional Capacity

The ALJ found Plaintiff had the RFC to perform at the sedentary exertional level.  The RFC must be RFC based on all the relevant evidence, including all the medical records, observations by treating

3

physicians, and claimant's own assessment of her abilities. <u>McGeorge v. Barnhart</u>, 321 F.3d 766, 768 (8th Cir. 2003).   In assessing Plaintiff's RFC, the ALJ discussed the medical records and opinions within the record.  As discussed above, the ALJ also examined Plaintiff's subjective complaints and limitations.  Since the medical evidence and credible testimony are consistent with the ALJ's final determination, this Court finds that the ALJ properly assessed the Plaintiff's RFC.

     III.    Conclusion

The ALJ's determination that Plaintiff was not under a disability as defined by the Social Security Act is supported by substantial evidence on the record as a whole.  Therefore, the Commissioner's final decision denying benefits is affirmed.


IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:   May 31, 2006

4